# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. WINDHAM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RUBIO, et al.,<br><br>　　　　Defendants. | 1:15-cv-01224-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO STATE A CLAIM**<br><br>(Docs. 7, 9)<br><br>**30-DAY DEADLINE** |

On October 23, 2015, the Court issued an order finding that Plaintiff failed to state any cognizable claims, dismissing the Complaint, and granting leave for Plaintiff to file a first amended complaint within 30 days. (Doc. 7.) More than 30 days passed and Plaintiff failed to file an amended complaint or otherwise respond to the Court's Order. Thus, on December 8, 2015, the Court ordered Plaintiff to show cause within 30 days why this action should not be dismissed both for his failure to state a claim and to comply with the court's order. More than 30 days have elapsed and Plaintiff has not filed a response to the order to show cause.[1] The Court warned Plaintiff that his failure to comply with the Court's order would result in dismissal of this

---

[1] The Court notes that mail sent to Plaintiff has been returned to this Court as undeliverable. (*See* entries for December 9, 2015 and January 4, 2016.) Plaintiff was notified in the First Informational Order that he must keep the court informed of his current address and that a failure to do so within 63 days of receipt of returned mail by the Court will result in dismissal for failure to prosecute per Local Rule 183(b). (*See* Doc. 3.) This same order notified that documents served on an old address of record are deemed received where a plaintiff has failed to update his address in an action with this Court. Though Plaintiff filed a notice of change of address on February 4, 2016, he has filed neither a response to the order to show cause; nor a first amended complaint.

1

action. (*Id.*)

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to respond to the Court's orders, there is no alternative but to dismiss the action for his failure to respond to/obey a court order and for his failure to prosecute this action. Further, dismissal of this action should count as a strike under 42 U.S.C. 1915(g) since he has failed to state a cognizable claim.

Accordingly, the Court RECOMMENDS that this action be dismissed, with prejudice, for Plaintiff's failure both to obey a court order and to prosecute this action, 42 U.S.C. § 1997e (a), and that Plaintiff be given a strike under 42 U.S.C. 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

2

Plaintiff is advised that his failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 17, 2016**            **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

3