# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WINDHAM,<br>        Plaintiff,<br>v.<br><br>RUBIO, et al.,<br>        Defendants. | Case No.: 1:15-cv-01224- JLT (PC)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. 21)**<br><br>**30-DAY DEADLINE** |

On June 2, 2016, Charles W. Windham, filed his First Amended Complaint against four individuals employed at California State Prison – Corcoran ("CSP-Corcoran") who were responsible for the destruction/theft of his legal property which resulted in violating his First Amendment right of access to the courts. The Court finds that Plaintiff has not stated a cognizable claim but gives him **one final opportunity** to file an amended complaint to attempt to correct the deficiencies noted in this order.

## I.      Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1

## II.     Summary of Plaintiff's Complaint

Plaintiff complains of incidents that occurred at California State Prison - Corcoran ("CSP-Cor") in Corcoran, California.  Plaintiff seeks monetary damages against the following Defendants in their individual capacity: Guards R. Rubio, J. Vargas, and T. Cano; and Warden Dave Davey.  Plaintiff alleges that his "trial books, evidence, etc." from another case (*Windham v. Borden, et al.*, 5:07-cv-00779-SVW-JEM, in the Central District) were taken and/or destroyed and despite his repeated requests they have never been returned.[1]

Specifically, Plaintiff alleges that on September 4, 2014, Defendant Cano was collecting Legal Mail, when Cano took Plaintiff's legal mail, opened and read it. (Doc. 21 at 3.) Plaintiff objected which caused Cano to return the mail and state, "It's not Legal Mail. I'm not accepting it." (*Id.*) Plaintiff again objected, asserting he would file a staff complaint, to which Cano replied with the statement that the guards would tear his cell up and flashed the hand symbol for "the Green Wall Gang." (*Id.* at 4.)

On the following day, while Plaintiff was participating in his afternoon education assignment, Rubio and Vargas entered Plaintiff's cell, searched it, discarded multiple of Plaintiff's items, and left it in a state of disarray. (Doc. 21 at 4.) When Plaintiff and his cellmate returned, they discovered the mess and Plaintiff noticed his trial books for his *Borden* case were missing. (*Id.* at 5.) He requested the books be returned, but Rubio and Vargas denied this request exclaiming "[f]uck you, we trashed that shit," as they flashed the Green Wall Gang hand symbol. (*Id.* at 6.) Plaintiff then submitted an inmate appeal requesting his property be returned September 7, 2014 which was neither processed, nor responded to in any way. (*Id.*) In response, Plaintiff submitted correspondence complaining of this incident to multiple agencies, including the FBI, Senate Investigator Gladstone, and State Supreme Court Judge Etienne. (*Id.*) None of these efforts resulted in the return of the trial books, and Plaintiff was forced to notify the judge in the *Borden* case that he was unable to prosecute it which resulted in dismissal. (*Id.* at 7.)

/ / /

---

[1] A copy of Plaintiff's civil rights complaint under § 1983 in the *Borden* case is attached as an exhibit to the First Amended Complaint. (Doc. 21, pp. 15-53.)

Plaintiff wrote a letter to Warden Davey informing him Plaintiff informed him of the actions of Cano, Rubio, and Vargas, but Warden Davey had directed the other Defendants to destroy Plaintiff's legal property and refused to take any corrective action.  (Doc. 21 at 8.)

### III. Pleading Requirements

#### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not.  *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams,* 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.,* 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability"

fall short of satisfying the plausibility standard. *Iqbal,* 556 U.S. at 678, 129 S. Ct. at 1949; *Moss,* 572 F.3d at 969.

## IV.  Claims for Relief

### A.  Access to Courts

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury,* 536 U.S. 403, 412-15 (2002).

In either instance, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.* at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. *Id.* at 354 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original).

To assert a forward-looking access claim, the non-frivolous "underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002). To state such a claim, the plaintiff must describe this "predicate claim . . . well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id*. It is not enough for Plaintiff merely to conclude that the claim was non-frivolous. Instead, the complaint should "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Id*. at 417-418.

/ / /

Moreover, when a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir.2007) (citing *Christopher*, 536 U.S. at 413-414, overruled on other grounds, *Hust v. Phillips*, 555 U.S. 1150, 129 S.Ct. 1036, 173 L.Ed.2d 466 (2009)).

Plaintiff's *Borden* case asserted claims under § 1983 on claims for relief which were non-frivolous and upon which he had proceeded for approximately seven years until Defendants destroyed his legal documents.[2] The *Borden* case had been screened, was found to state cognizable non-frivolous claims, and was proceeding to an evidentiary hearing when the events in this action allegedly took place.

Next, Plaintiff's allegations must show "actual injury which requires actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348. Plaintiff alleges his *Borden* case was dismissed as a result of the theft of his legal property by Rubio and Vargas and their subsequent refusal to return them. (Doc. 21 at 5-6.) However, a review of the *Borden* case reveals that it was not dismissed because Plaintiff did not meet a deadline or filed an inadequate motion or response thereto; rather Plaintiff voluntarily dismissed it. The Court finds no legal basis upon which a plaintiff's voluntary dismissal of an underlying action has been found adequate to show that the official acts complained of frustrated a prior litigation. Further, Plaintiff fails to allege any facts showing that he raised the difficulty he was having with the *Borden* court. He did not request any assistance from that court such as obtaining a copy of the docket, or of documents filed on the docket, or even a mere extension of time so as to be able to conduct research at the prison's law library. Though Plaintiff may have preferred to pursue the *Borden* case with the assistance of his "trial books," without further description of what documents/books/materials[3] he means by "trial books," his claim is not cognizable as mere inability to

---

[2] The Court takes judicial notice of the docket and the status of Plaintiff's *Borden* case, 5:07-cv-00779-SVW-JEM. Fed.Rules Evid.Rule 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012).

[3] As noted above, Plaintiff had access to his 33-page complaint from the *Borden* action to file as an exhibit to this action.

5

access preferred legal research materials is not the standard for a claim for denial of access to the courts.

Further, Plaintiff claimed Cano was responsible for the *Borden* dismissal as well, because he refused to accept Plaintiff's legal mail. (Doc. 21 at 3.) However, Plaintiff fails to state any details to relate the piece of legal mail Cano refused to accept to the *Borden* case, and/or any allegations to show that Cano's refusal to accept it led to the dismissal in *Borden*.[4] Likewise, he concludes the mail was "legal mail" without providing any supporting allegations to demonstrate that it was, in fact, legal mail. Thus, Plaintiff fails to state a cognizable claim for interfering with his access to the courts.

## B. Supervisory Liability

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Liability by a supervisor for "knowledge and acquiescence" in subordinates' wrongful discriminatory acts is likewise not cognizable. *Id.* "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

To state such a claim, a plaintiff must allege facts that show supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Further, "discrete wrongs – for instance, beatings – by lower level Government actors . . . if true and if condoned by [supervisors] could be the basis for some inference of wrongful intent on [the supervisor's] part." *Iqbal*, 556 U.S. at 683. To this end, the Ninth Circuit has held that, where specific

---

[4] Further, without an ascertainable relationship to his other allegations, any claim for interfering with Plaintiff's ability to send and receive mail may not be included in this action without violating Federal Rules of Civil Procedure 18 and 20.

intent is not required, a plaintiff may state a claim for supervisory liability based on the supervisor's knowledge of and acquiescence in unconstitutional conduct by others. *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). A fundamental premise of this form of liability requires that the actions or inaction by subordinate staff amount to a cognizable claim for violation of a plaintiff's constitutional rights and that the supervisorial defendant had knowledge of all such conduct.

As discussed above, Plaintiff's allegations do not amount to a cognizable claim for violation of Plaintiff's First Amendment right to access the courts. Thus, Plaintiff's allegations that Warden Davey had knowledge of the actions of Cano, Vargas, and Rubio and their "Green Wall Gang" affiliation, that Plaintiff twice sent correspondence to him attempting to correct the situation, and that Warden Davey ignored the situation and failed to implement any corrective actions do not amount to a cognizable claim. (Doc. 21 at 8.) Further, Plaintiff's allegations that Rubio told Plaintiff both that Warden Davey "knows [the guards are] Green Wall and he doesn't care; he likes that," and that Warden Davey is "the one that told us to fuck you over because you keep filing legal shit against us and the department" (*id.* at 12) are also not cognizable since the underlying actions of subordinate staff do not amount to a cognizable claim for violation of Plaintiff's constitutional rights.

## V.     Order

For the reasons set forth above, Plaintiff's First Amended Complaint is dismissed. Plaintiff is given **one final opportunity** to amend his pleading and must do so within 30 days of the date of service of this order. If Plaintiff no longer desires to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension of time no later than 30 days from the date of service of this order.

Plaintiff must demonstrate in any second amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's second amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, the Court ORDERS:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within 30 days from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order, to prosecute this action, and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 27, 2016**          **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE